CRAIG CARPENITO
United States Attorney
BEN KURUVILLA
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Telephone (973) 297-2085

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAE SMITH,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>SHARON JOHNSON, M.D., *et al.*,<br><br>　　　Defendants. | Honorable<br><br><br>Civil Action No.<br><br><br>**NOTICE OF REMOVAL** |

TO:　Clerk
　　　Superior Court of New Jersey
　　　Law Division – Essex County
　　　50 West Market Street
　　　Newark, New Jersey 07102


　　　Howard Z. Myerowitz, Esq.
　　　Law Offices of Howard Z.
　　　Myerowitz, LLC
　　　507 Frank E. Rogers Blvd. North
　　　PO Box 192
　　　Harrison, New Jersey 07029
　　　*Counsel for Plaintiff*

1

PLEASE TAKE NOTICE that the case of *Mae Smith v. Sharon Johnson, M.D., et al*., previously pending in the Superior Court of New Jersey, Law Division, Essex County, Docket Number ESX-L-5304-18, is hereby removed to the United States District Court for the District of New Jersey pursuant to the provisions of 42 U.S.C. § 233(c). The United States of America is hereby substituted for defendants Sharon Johnson, M.D. and the Newark Community Health Center, Inc. pursuant to 42 U.S.C. § 233(c) and (g). The United States, now substituted as defendant in this matter, through its attorney, Craig Carpenito, United States Attorney for the District of New Jersey (Ben Kuruvilla, Assistant United States Attorney, appearing), states as follows upon information and belief:

1. Sharon Johnson, M.D. and the Newark Community Health Center, Inc. (collectively, the "Federal Defendants") have been named as defendants in an action now pending in the Superior Court of New Jersey, Civil Part, Law Division, Essex County, Docket No. ESX-L-5304-18.

2. The Complaint in that action was filed on or about July 30, 2018. (A copy of the Summons and Complaint and other papers served on defendants are attached hereto as **Exhibit A**).

3. Plaintiff Mae Smith seeks damages from the Federal Defendants for personal injuries she allegedly sustained as the result of the Federal Defendants' alleged negligence (*i.e.*, medical malpractice). See **Exhibit A.**

4. At all times relevant to this Complaint, the Federal Defendants were deemed employees of the United States pursuant to 42 U.S.C. § 233(g).

(Declaration of Meredith Torres, along with copies of the United States Department of Health and Human Services "Notice of Deeming Action" for 2015 and 2016 are attached hereto as **Exhibit B**).

5. Pursuant to 42 U.S.C. § 233(c), and 28 C.F.R. § 15.4, the United States Attorney has certified that the Federal Defendants were acting within the scope of their employment as deemed employees of the federal Public Health Service during the time of the incident(s) out of which the plaintiff's claims arose. (A Certification of Scope of Employment is attached as **Exhibit C**).

6. Accordingly, this action is deemed to be an action against the United States because the Federal Defendants were acting within the scope of employment as employees of the United States pursuant to 42 U.S.C. § 233(c).

7. Sections 233(a) and (g) of Title 42 of the United States Code, as amended by the Federally Supported Health Centers Assistance Act of 1995 (Public Law 104-73), provide that the Federal Torts Clams Act, 28 U.S.C. § 1346 and 28 U.S.C. § 2671, *et seq*. ("FTCA"), is the exclusive remedy for tort claims against the United States for personal injuries resulting from the performance of medical or surgical related functions. The Federal Defendants have personal immunity, and the United States is the only cognizable and proper defendant, as to the plaintiff's state law tort claims alleged against the Federal Defendants in this action.

8. The United States District Courts have exclusive jurisdiction over tort actions filed against the United States under the FTCA. *See* 28 U.S.C. § 1346(b).

9. Federal law directs that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court *shall be removed without bond at any time before trial* by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending" and that the proceeding be deemed a tort action against the United States pursuant to the FTCA.  *See* 42 U.S.C. § 233(c) (emphasis added).  On information and belief, no trial date for this matter has been set by the state court.

10. Accordingly, the United States District Court for the District of New Jersey has exclusive jurisdiction over this action under 28 U.S.C. § 1346(b), and this action is properly removed to this Court pursuant to 28 U.S.C. §233(c).

11. No answer to the Complaint has been filed in the state court on behalf of the Federal Defendants.

12. A copy of this Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey, Essex, Law Division.

**THEREFORE**, in accordance with 42 U.S.C. § 233, the above-captioned action filed in the Superior Court of New Jersey, Civil Division, Essex County, is now removed to this Court with the United States substituted as defendant for further proceedings.

Dated:   Newark, New Jersey
         January 8, 2019

                                  CRAIG CARPENITO
                                  United States Attorney

                    By:   *s/Ben Kuruvilla*
                          Ben Kuruvilla
                          Assistant United States Attorney